UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON SECTION

CARLYLE PHILLIP          )         HABEAS CORPUS ACTION
FILE #AO79 673 689     )
        PETITIONER,     )
                       )       NO.
VS.                   )   04 11896 MLW
                       )
IMMIGRATION AND       )     AUGUST 26,2204
NATURALIZATION SERVICE,        THURSDAY
                           MAGISTRATE JUDGE Alexander
        RESPONDENT.

PETITION FOR WRIT OF HABEAS CORPUS
AD SUBJICIENDUM AGAINST FALSE
IMPRISONMENT UNDER ILLEGAL
FEDERAL PROCESSES
_____

JURISDICTION:

    Jurisdiction of this HABEAS CORPUS FEDERAL COURT is
invoked pursuant to UNITED STATES CONSTITUTION, ARTICLE 1,
§9, Clause 2; ARTICLE 6, Clauses 2 and 3; 4TH, 5TH and 14TH
AMENDMENTS; TITLE 28 USCS §§2241,2243.

    "HABEAS CORPUS (KEY)206.1,222"

    "THE GREAT PURPOSE OF THE WRIT OF HABEAS CORPUS

    IS THE IMMEDIATE DELIVERY OF THE PARTY DEPRIVED

    OF PERSONAL LIBERTY, AND HENCE IT IS AVAILABLE

    ONLY WHEN GRANTING THE WRIT WOULD RESULT IN THE

    PETITIONER'S IMMEDIATE RELEASE FROM CUSTODY."

    "PROMPT" "TO ACT IMMEDIATELY, RESPONDING ON THE

    INSTANT."

1.

JURISDICTION
(Continued)

# ✳ SUPREME COURT OF THE UNITED STATES

MAGANA-PIZANO v. I.N.S.[*]

152 F.3d 1213 (1998)

At page:

1218

"THE SUSPENSION CLAUSE provides that:
"THE PRIVILEGE OF THE WRIT OF HABEAS
CORPUS SHALL NOT BE SUSPENDED UNLESS WHEN
1N CASES OF REBELLION OR INVASION THE
PUBLIC SAFETY MAY REQUIRE IT."U.S.Const.,
Article 1,§9,clause 2."

"ALTHOUGH WE ASSESS THE WRIT (OF HABEAS
CORPUS) WHICH THE CONSTITUTION PROTECTS
AGAINST SUSPENSION "AS IT EXISTS TODAY,
RATHER THAN AS IT EXISTED 1N 1789," SEE
✳ FELKER v. TURPIN,518 U.S.651,664;116 S.Ct.
2333,135 L.Ed.2d.827(1996),HISTORICAL PER-
SPECTIVE IS IMPORTANT."

"THUS,CHIEF JUSTICE MARSHAL IMPLIED A
DUTY UPON CONGRESS TO PROVIDE FOR THE WRIT
(OF HABEAS CORPUS) NOTING THAT,"FOR IF THE
MEANS BE NOT IN EXISTANCE, THE PRIVILEGE
ITSELF WOULD BE LOST, ALTHOUGH NO LAW FOR
ITS SUSPENSION SHOULD BE ENACTED."id.;SEE
✳ ALSO: STEWARD v. MARTINEZ-VILLAREAL,_____.
U.S._____,118 S.Ct.1618,1622,140 L.Ed.2d.849
(1998)("IT IS AXIOMATIC THAT 'THE POWER TO
AWARD THE WRIT OF HABEAS CORPUS BY ANY OF
THE COURTS OF THE UNITED STATES, MUST BE
GIVEN BY WRITTEN LAW.'"(Scalia,J.dissenting)."

-------------

(*) I.N.S. is the Immigration Naturalization
Service(s)

JURISDICTION
(Continued)

HARRIS v. NELSON

_____U.S._____

## II.

[4, 5] The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary

[394 US 291]

and lawless state action. Its pre-eminent role is recognized by the admonition in the Constitution that: "The Privilege of the Writ of Habeas Corpus shall not be suspended . . . ." US Const, Art I, § 9, cl 2. The scope and flexibility of the writ—its capacity to reach all manner of illegal detention—its ability to cut through barriers of form and procedural mazes—have always been emphasized and jealously guarded by courts and lawmakers. The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.

---

footnote 2,3:
"[H]ABEAS CORPUS CUTS THROUGH ALL FORMS AND GOES TO THE VERY TISSUE OF THE STRUCTURE. [IT] COMES IN FROM THE OUTSIDE . . . AND ALTHOUGH EVERY FORM MAY HAVE BEEN PRESERVED OPENS THE INQUIRY WHETHER THEY HAVE BEEN MORE THAN AN EMPTY SHELL."



[PAGE NO. 5/6.]

# Petition for Writ of Habeas Corpus
## by State Prisoner

FALSE IMPRISONMENT

### GROUNDS RELIED UPON
### FOR ISSUANCE OF THE WRIT

1.   On SEPT.4,2001 the petitioner was arrested in the City of Springfield, Mass., He was FALSELY ACCUSED and FALSELY CHARGED by the police officers, of acts in violation of MASS.GEN.LAW,CHAP.265,§13B.1.

2.   The prosecutors and the court judges, intentionally DELAYED the public trial until the passing of (8) MONTHS in violation of the petitioner's FEDERAL CONSTITUTIONAL RIGHTS TO A PROMPT AND SPEEDY TRIAL, GUARANTEED BY THE SIXTH (6th) AMENDMENT,U.S.CONSTITUTION. THE TRIAL COURT LOST CRIMINAL JURISDICTION OVER THE CASE AFTER THE PASSING OF (6) MONTHS. MASS.GEN.LAW,CHAPTER 277 §73.

4.   The recorded DAYS OF DELAY was [236] DAYS. Under the Federal Supreme Court Decision(s), the [B]URDEN was on the prosecutors to bring the case forward within the 180 DAYS from the DATE OF ARREST of the petitioner; they did not perform their duties as the LAWS MANDATES.

5.   Petitioner has recently discovered, that the TRIAL COURT NEVER ACQUIRED "COMPETENT JURISDICTION"(MGL,CHAPTER 262,§9.)). The judge failed to examine the records.

(5.)



[PAGE NO. 6.]

# Petition for Writ of Habeas Corpus by State Prisoner

## FALSE IMPRISONMENT



GROUNDS RELIED UPON FOR
ISSUANCE OF THE WRIT        (continued)

6.    The petitioner claims that the sequences of judicial malfesance, constituted acts of officers of the court FRAUDULENTLY CONCEALING (MGL,CHAPTER 260,§12.), ALL who was aware of the salient facts, that the charges were rendered NULL AND VOID from the beginning, because:

(a)    NONE OF THE JUDICIAL INSTRUMENTS COMPLIED WITH THE MANDATORY STATUTORY LAWS OF AUTHENTICATION TITLE 28 USCS §1738; MGL,CHAPTER 212,§26.

(b)    NONE OF THE JUDICIAL INSTRUMENT WERE LEGALLY "COMMANDING" THE OFFICERS OF THE COURT TO PROSECUTE THE PETITIONER, NOR COMMIT HIM INTO STATE PRISON.

(c)    CLERKS AND ASSISTANT CLERKS ARE NOT AUTHORIZED TO ORDER STATE PRISON OFFICIALS TO "COMMIT" THIS PETITIONER INTO STATE PRISON.(MGL,CHAPTER 218,§14.).

7. (6)

[PAGE 8.]



# OFFICIAL OPINIONS

FROM THE

## Supreme Judicial Court
## of Massachusetts

7.

### PATRICK *v.* DUNBAR.

[294 Mass.] 101

ANNIE V. PATRICK *vs.* HARRY C. DUNBAR, executor.

Middlesex.    November 4, 1935. — March 30, 1936.

104    COURTS AND JUDICIAL OFFICERS.

The clerk of courts is a ministerial officer of the courts and is subject to the direction of the courts in the performance of his duties.    While the issuance of an execution ordinarily may be a ministerial act, questions of law may be involved which require invocation of the judicial power. *Cambridge Savings Bank* v. *Clerk of Courts*, 243 Mass. 424, 427.

8.    The Petitioner claims that the Clerk of Court,

nor any assistant clerk is statutorily authorized

to issue warrants of commitment to jail or prison

officials, inflicting FALSE IMPRISONMENT upon this

HABEAS CORPUS PETITIONER. Read: M.G.L.CHAPTER 214

§26, 185 §14 (Clerks of Courts are MINISTERIAL

OFFICERS OF THE COURTS and not JUDICIAL AUTHORITY.

(7)

[PAGE 9.]



9.                  **AUTHENTICATION**

OFFICIAL OPINIONS
*FROM THE*
Supreme Judicial Court
of Massachusetts

## Seals of courts; signatures of judges

## Notes of Decisions

A writ with a wrong seal is abatable. Brewer v. Sibley (1847) 54 Mass. 175, 13 Metc. 175; Foot v. Knowles (1842) 45 Mass. 386, 4 Metc. 386; Stevens v. Ewer (1840) 43 Mass. 74, 2 Metc. 74; Hall v. Jones (1830) 26 Mass. 446, 9 Pick. 446.

The omission to affix a proper seal to a writ issuing from the supreme court is such error as will abate the writ if the objection be properly taken. Id.

### Seal and signature

(orders) had to issue from court and be sealed with seal of court.

10.    Petitioner, additionally claims that EACH judicial process executed against his LIBERTY, were/are processes WRONGFULLY EXECUTED, in need of the clerk's JURAT ON INDICTMENTS N ON WARRANT OF COMMITMENT (MGL,ch.212 §26).

(8)

[PAGE 10.]

11.    LACK OF AUTHENTICATION with the proper SIGNATURES

OF JUDGES AND THE WAFER SEALS OF THE COURT affixed upon

each process, RENDERS EACH PROCESS NULL AND VOID AND WITH-

OUT LEGAL FORCE OR LEGAL EFFECT.

## Rule 40    RULES OF CRIMINAL PROCEDURE

### PROOF OF OFFICIAL RECORDS

*(Applicable to District Court and Superior Court)*

(a) **Authentication.**

(1) *Domestic.*  An official record kept within the Common-
wealth, or an entry therein, when admissible for any purpose, may be
evidenced by an official publication thereof or by a copy attested by
the officer having legal custody of the record, or by his deputy.  If
the record is kept in any other state, district, commonwealth, terri-
tory or insular possession of the United States, or within the Panama
Canal Zone or the Trust Territory of the Pacific Islands, any such
copy shall be accompanied by a certificate that such custodial officer
has the custody.  This certificate may be made by a judge of a court
of record of the district or political subdivision in which the record
is kept, authenticated by the seal of the court, or may be made by any
public officer having a seal of office and having official duties in the
district or political subdivision in which the record is kept, authenti-
cated by the seal of his office.

12.    PETITIONER CLAIMS that the State Dept. of Correction

ILLEGALLY notified the FEDERAL AGENCY I.N.S. of his

imprisonment, BUT WITHHELD THE FACTS OF HOLDING PETITIONER

IN FALSE IMPRISONMENT IMPOSED BY A TRIAL COURT WITHOUT

JURISDICTION AND WITHOUT WARRANTS ISSUED BY THE TRAIL JUDGE

(MGL,Ch.262 §49.).

( 9 )

[PAGE 11.]

~~[PAGE 10.]~~

**30**

13.

# The Seal
## OF
## AUTHENTICATION
## Mandatory Authority

### CONSTITUTION
### OF MASSACHUSETTS



14. Petitioner claims that ALL DATA-INFORMATION which
the Federal Government's Agency, i.e., I.N.S., has
received from the State Agency (MASS.DEPT.OF CORR.)
THE SOVEREIGNTY OF MASS. to the SOVEREIGNTY OF THE
UNITED STATES OF AMERICA, must be AFFIXED WITH THE
WAFER-SEAL(S) OF THE STATE, otherwise, the data-
information is VOID. **29** (10)



**The Seal**
OF
**AUTHENTICATION**
**Mandatory Authority**
- - - - - - - - - - -
CONSTITUTION
OF MASSACHUSETTS

~~31~~ 15.~~99~~ The U.S.CONGRESS has enacted STATUTORY LAW (28 USCS §1738) which is MANDATORY upon all federal courts and all federal agencies to ONLY ACCEPT state data judicially related matters WHEN CONVEYED IN COMPLIANCE WITH FEDERAL LAWS,i.e. TITLE 28 USCS §1738, and RULE 44(a) F.R.CIVIL PROC.

~~32~~ 16. Petitioner claims that since AUTHENTICATION can only be obtained by the authorized State Authority and THE WAFER-SEAL affixed, then, the USAGE of electronic-wire conveyances from the State agency to the Federal agency with data-information intended to DEPORT THE PETITIONER, based upon FALSE INFORMATION [UN]AUTHENTICATED BY THE MANDATORY STANDARDS OF [S]TATE [S]OVEREIGNTY [L]AWS, and [F]EDERAL [S]OVEREIGN-TY LAWS, IS WITHOUT ANY LEGAL FORCE; THE ENTIRE ACTION IS BASED ON THE ELEMENTS OF [F]RUITS OF THE POISON TREE DOCTRINE.

HENCE, DEPORT PROCEEDINGS ARE DEFUNCT.

~~30~~ (11)

[PAGE 13.]

UNITED STATES COURT OF APPEALS

MAGANA-PIZANO v. I.N.S.
152 F.3d 1213 (1998)

AT PAGE 1218:

"THE SUSPENSION CLAUSE PROVIDES THAT:
"THE PRIVILEGE OF THE WRIT OF HABEAS CORPUUS
SHALL NOT BE SUSPENDED UNLESS WHEN IN CASES
OF REBELLION OR INVASION THE PUBLIC SAFETY
MAY REQUIRE IT."UNITED STATES CONSTITUTION
ARTICLE 1,§9,CLAUSE 2."

"ALTHOUGH WE ASSES THE WRIT WHICH THE
CONSTITUTION PROTECTS AGAINST SUSPENSION
AS IT EXIST TODAY, RATHER THAN AS IT EXISTED
IN 1789." SEE: FELKER v. TURPIN,518 U.S.651
664;  116 S.Ct. 2333, 135 L.Ed.2d 827 (1996),
HISTORICAL PERSPECTIVE IS IMPORTANT."

"THUS, CHIEF JUSTICE MARSHAL IMPLIED A
DUTY UPON CONGRESS TO PROVIDE FOR THE WRIT
NOTING THAT "FOR IF THE MEANS BE NOT IN EXIST-
ANCE, THE PRIVILEGE ITSELF WOULD BE LOST,
ALTHOUGH NO LAW FOR ITS SUSPENSION SHOULD
BE ENACTED."

SEE ALSO: STEWARD v. MARTINEZ-VILLAREAL,
___U.S.___,118 S.Ct.1618,1622,140 L.Ed2d.849
(1998)"

(/2)



# Commonwealth of Massachusetts

## Authentication.
## Proof of Official Record

Exhibit

THE

17.

# SEAL

## Authenticated by the seal of the court

The writ should bear the seal of the court authorized to issue it, and a writ bearing an improper seal is regarded as though it bore no seal. Courts hold that an omission of the seal renders the writ void and ineffective to confer jurisdiction.

18.

212 § 26     SUPERIOR COURT

# GENERAL LAWS OF MASSACHUSETTS

§ 26. Records; custody

The records of courts which are transferred to the superior court shall remain in custody of its clerks. In Suffolk county, the clerk of said court for civil business shall have the custody of said records in civil cases, and the clerk for criminal business shall have the custody of said records in criminal cases. Copies of said records may be certified by said clerks respectively. Judicial writs and processes which are founded upon such records shall issue under the seal of the superior court, in like manner and with the same effect as similar writs and processes founded upon its own records.

THIS [LAW] IS CLEAR AND UNAMBIGUOUS

(13)

[PAGE 15.]

# IN THE

# SUPREME COURT OF THE UNITED STATES

19.

# SEALS

## Aetna Ins. Co. v Doe ex dem. Hallock (Aetna Ins. Co. v Hallock) 6 Wall 556, 18 L Ed 948

Any process issuing from a court which by law is required to authenticate such process with its seal is void if issued without a seal.

## Commonwealth of Massachusetts
### SUPERIOR COURT   THE TRIAL COURT   DEPARTMENT

I hereby certify that the foregoing is a true copy of the record of the Superior Court Department of the Trial Court, for the transaction of Criminal Business.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Superior Court, at Boston aforesaid, this twenty-ninth    day of    June    in the year of our Lord one thousand nine hundred and eighty-four.

(14)   9

*William K. Welsh*

Assistant Clerk.

[PAGE 16.] - 45418



CLERK'S JURAT AND SEAL ARE
MANDATORY FOR ALL INDICTMENTS

53.
yard.

20.

15.

Number

84 4282

COMMONWEALTH

also known as

also known as

MURDER

(265-1)

HAMPDEN, ss, Superior Court

September........ Sitting, A. D. 19 84

Returned by the Grand Jury and filed

ATTEST: ........................... Clerk

1st Ast Clerk

188    1984—Sept. 20    Order to Notify.

4-26-85

ORDERED FILE TO LOCATE
(Keady. J)

William L Casor

I, Edward J. McKay, Assistant Clerk of the Superior Court for the County of Hampden, do certify that this indictment was found by the grand jurors of the Commonwealth of Massachusetts, attending said Court, at the Sept. Sitting thereof, holden at Springfield, in said County, on the second Monday of Sept. in the year of our Lord one thousand nine hundred and eighty-four, and was returned by said grand jurors into said Court on the twentieth day of Sept. in said year one thousand nine hundred and eighty-four. IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court, this twentieth day of Sept. A.D. 1984.

Attest:

Exhibit (Only

(15)

**Commonwealth of Massachusetts**

Hampden, ss

[ PAGE 17. ]

The Superior Court

MITTIMUS TO Cedar Junction MCI (Walpole)

Docket #HDCR2001-00882- 1

To the Sheriff of said County of **Hampden**, his deputies, the Officers hereinafter named and the Superintendent of the **Cedar Junction MCI (Walpole)**

**GREETING:**

**Whereas,** by the consideration of the Superior Court Department of the Trial Court for Criminal Business, holden at **Springfield** within and for the County of **Hampden**, on the **9th day of May** in the year of our Lord **2002.**

**Carlyle Phillip** of SPRINGFIELD in the COUNTY of HAMPDEN now in the custody of the Sheriff of said County of **Hampden,** convicted of the crime(S) of:

265:013B.1   Indecent assault & battery on child under 14 08/18/2001

for which crime the said **Carlyle Phillip** was sentenced to be confined in the **Cedar Junction MCI (Walpole) for not more than 3 years and not less than 2 years**

The Court in imposing this sentence orders that the defendant **Carlyle Phillip** be deemed to have served **236 DAYS by agreement**  of said sentence in confinement awaiting disposition of this matter.

We therefore, **command you,** the said Sheriff, Deputies and Officers of the Court to remove the said **Carlyle Phillip** from the Jail in **Springfield** the said County of **Hampden,** to the **Cedar Junction MCI (Walpole),** and **we command you,** the said Superintendent to receive the said **Carlyle Phillip** and immediately thereon to cause the said **defendant** to be confined therein for a term of not exceeding 3 years or less than 2 years as aforesaid.

**WITNESS, Suzanne V. DelVecchio,** Chief Justice of said Court and the seal thereof at **Springfield** aforesaid, this **9th day of May** in the year of our Lord **2002.**

.................................................
Assistant Clerk
PEM/cch

**RETURN**

Hampden, SS.

In obedience to the within warrant, I have conveyed the within named defendant to the Cedar Junction MCI (Walpole), and delivered him to the Superintendent thereof with a copy of this warrant.

Springfield
_____ 2002

Deputy Sheriff, of said County
Officer of the Court named within.

A true copy:

Attest:

_____
Assistant Clerk

( 16 )

## Certificate of Service

I served this Notice of Intent. I have determined that the person served with this document is the individual named on the other side of this form.

JULIA LEE          SPECIAL AGENT          11/25/03          in person
_(Signature and Title of Officer)_          _(Date and Manner of Service)_

☒ I explained and/or served this Notice of Intent to the alien in the _____english_____ language.

Name of Interpreter _____

Location/Employer _____

### I Acknowledge that I Have Received this Notice of Intent to Issue a Final Administrative Removal Order

_(Signature of Respondent)_          11/25/03     1410hr.B
_(Date and Time)_

☐ Alien refused to acknowledge receipt of this document.

JULIA LEE          SPECIAL AGENT          _____
_(Signature and Title of Officer)_          _(Date and Time)_

### I Wish to Contest and/or Request Withholding of Removal

☐ I contest my deportability because: _(Attach any supporting documentation):_

    ☐ I am a citizen or national of the United States.
    ☐ I am a lawful permanent resident of the United States.
    ☐ I was not convicted for the criminal offense described in allegation number 6 above.
    ☐ I am attaching documents in support of my rebuttal and request for further review.

☐ I request withholding or deferral of removal to. _____ [Name(s) of Country or Countries]:

    ☐ Under section 241(b)(3) of the Act, because I fear persecution on account of my race, religion, nationality, membership in a particular social group, or political opinion in that country or those countries.
    ☐ Under the Convention Against Torture, because I fear torture in that country or those countries.

_____          _____          _____
_(Signature of Respondent)_          _(Printed Name of Respondent)_          _(Date and Time)_

### I Do Not Wish to Contest or Request Withholding of Removal

☐ I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges and my right to file a petition for review of the Final Removal Order. I do not wish to request withholding or deferral of removal. I wish to be removed to

☐ I also waive the 14 day period of execution of the Final Removal Order.

_____          _____          _____
_(Signature of Respondent)_          _(Printed Name of Respondent)_          _(Date and Time)_

_____          _____          _____
_(Signature of Witness)_          _(Printed Name of Witness)_          _(Date and Time)_

### RETURN THIS FORM TO:
### United States Department of Justice
### Immigration and Naturalization Service

JFK Station

P.O. Box 6306

Boston, MA 02114

**ATTENTION:** Julia Lee, Special Agent

The Service office at the above address must **RECEIVE** your response within 10 calendar days from the date of service of this notice (or 13 calendar days if service is by mail).

Form I-851 (Rev. 5-19-99)N

PAGE 17/18

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Intent To Issue a Final Administrative Removal Order**

## In removal proceedings under section 238(b) of the Immigration and Nationality Act

Case No.: 2038410006016
File No: A079 673 689

To: Carlyle PHILLIP AKA: W80285, PED: 9/14/2004

Address: c/o NCCI GARDNER P.O. BOX 466 GARDNER, MASSACHUSETTS 01440
(Number, Street, City, State and ZIP code)

Telephone: (978) 632-2000
(Area Code and Phone Number)

Pursuant to section 238(b) of the Immigration and Nationality Act (Act), 8 U.S.C. 1228(b), the Immigration and Naturalization Service (Service) has determined that you are amenable to expedited administrative removal proceedings. The determination is based on the following allegations:

1. You are not a citizen or national of the United States.
2. You are a native of TRINIDAD AND TOBAGO and a citizen of TRINIDAD AND TOBAGO.
3. You entered the United States (at)(near) unknown place on or about unknown date.
4. At that time you entered without being admitted or paroled by an ICE officer.
5. You are not lawfully admitted for permanent residence.
6. You were, on May 9th, 2002, convicted in the Hampden Superior Court at Springfield, Massachusetts for the offense of Indecent Assault/Battery Child Under 14 in violation of Chapter 265, Section 13B of the Massachusetts General Laws for which the term of imprisonment imposed was two to three years

**Charge:**
You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii) as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43) of the Act, 8 U.S.C. 1101(a)(43).

*** SEE CONTINUATION SHEET ***

Based upon section 238(b) of the Act, the Service is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

**Your Rights and Responsibilities:**
You may be represented (at no expense to the United States government) by counsel, authorized to practice in this proceeding. If you wish legal advice and cannot afford it, you may contact legal counsel from the list of available free legal services provided to you.

You must respond to the above charges in writing to the Service address provided on the other side of this form within 10 calendar days of service of this notice (or 13 calendar days if service is by mail). **The Service must RECEIVE your response within that time period.**

In your response you may: request, for good cause, an extension of time; rebut the charges stated above (with supporting evidence); request an opportunity to review the government's evidence; admit deportability; designate the country to which you choose to be removed in the event that a final order of removal is issued (which designation the Service will honor only to the extent permitted under section 241 of the Act, 8 U.S.C. 1231); and/or, if you fear persecution in any specific country or countries on account of race, religion, nationality, membership in a particular social group, or political opinion or, if you fear torture in any specific country or countries, you may request withholding of removal under section 241(b)(3) of the Act or withholding/deferral of removal under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (Convention Against Torture). A grant of withholding or deferral of removal would prohibit your return to a country or countries where you would be persecuted or tortured, but would not prevent your removal to a safe country.

You may seek judicial review of any final administrative order by filing a petition for review within 30 calendar days after the date such final administrative order is issued, or you may waive such appeal by stating, in writing, your desire not to appeal.

CHERYL BASSETT SUPERVISORY SPECIAL AGENT
(Signature and Title of Issuing Officer)

Boston, Massachusetts
(City and State of Issuance)

10/29/03
(Date and Time)

Form I-851 (Rev. 5-19-99)N

(18)

PAGE 1 OF 3

U.S. Department of Justice
Immigration and Naturalization Service

**Continuation Page for Form  I-851**

| Alien's Name | | File Number | Date |
|---|---|---|---|
| PHILLIP, | Carlyle | A79 673 689 | 10/29/03 |

W80285  PED: 9/14/2004

CHARGE:

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(A) of the Act, to wit: murder, rape or sexual abuse of a minor.

| Signature | Title |
|---|---|
| CHERYL BASSETT, SSA | Issuing Service Officer |

_2_ of _3_ Pages

*U.S. GPO: 1992-342-483/72348

Form I-831 Continuation Page (Rev. 6/12/92)    N

(19)

| Alien's Name | File Number | Date |
|---|---|---|
| Carlyle Phillip | A079 673 689 | 10/29/03 |

Attachment to I-851:

You have the right to remain in the United States for 14 days so that you may file a petition for review of this order to the United States Circuit Court of Appeals as provided for in section 242 of the Immigration and Nationality Act. You may waive your right to remain in the United States for this 14-day period. If you do not file a petition for review within this 14-day period, you will still be allowed to file a petition from outside of the United States so long as that petition is received by the appropriate U.S. Court of Appeals within 30 days of the date of your final order of removal.

| Signature | Title |
|---|---|
| CHERYL BASSETT, SSA | 3 of 3 Pages |

# BRITT v. WHITEHALL INCOME FUND '86
### Cite as 891 F.Supp. 1578 (M.D.Ga. 1993)

21.             **False Imprisonment**

False imprisonment is "the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty."

An action for false imprisonment may be maintained only when the warrant or process is void.

"Void process," for purposes of action for false arrest or imprisonment, is defined as that which court has no power to award, or has not acquired jurisdiction to issue in particular case, or which does not in some material respect comply in form with legal requisites of such process.

### PRAYER FOR HABEAS CORPUS RELEASE FROM FALSE IMPRISONMENT

I, CARLYLE PHILLIP, claim that I am held in FALSE IMPRISONMENT, and under the pains and penalties of perjury seeking PROMPT AND IMMEDIATE RELEASE FROM ALL CUSTODY. ALL STATEMENTS AND SUPPORTING AUTHORITIES OF LAWS ARE TRUE. TRUE. (MGL, Ch.248 §3.)

RESPECTFULLY SUBMITTED,

*Carlyle Phillip*

CARLYLE PHILLIP    Pro Se
P.O. Box 466
Gardner, MA 01440-0466

( 21 )

(22)

[WHILE AWAITING THE CLERK TO SERVE AN "ORDER"
 EXECUTED BY THE FEDERAL JUDGE,I COMPETED SERVICE
 UPON THE RESPONDENTS AS AVANCED NOTIFICATION.]

### CERTIFICATE OF SERVICE

I, CARLYLE PHILLIP, CERTIFY I HAVE SERVED A TRUE COPY

OF THE WITHIN-FOREGOING TO:



**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*
J.F.K. Federal Building, Government Center, Room 320
15 New Sudbury Street        P.O. BOX 6306
Boston, Matsochusetts 02008   02114

ATTENTION: JULIA LEE, SPECIAL AGENT

POSTAGE PREPAID ON THIS  26th  DAY OF AUGUST 2004.

CARLYLE PHILLIP
PETITIONER, PRO SE
P.O.BOX 466
500 COLONY ROAD
GARDNER, MA 01440-0466

(22)

EXHIBITS/PROOF OF EXHAUSTING
STATE REMEDIES IN THE
MASS.SUPREME JUDICIAL COURT

THE CLERK OF COURT REFUSED TO ASSIGN AND FURNISH

PETITIONER WITH ASSIGNED DOCKET NUMBER, FOR SEVERAL

WEEKS.

IN RE:

CARLYLE PHILLIP,
          PETITIONER **CONSTITUTION OF THE UNITED STATES OF AMERICA**
VS.    FILE#A079 673 689



**U.S. Department of Justice**
Executive Office for Immigration Review
*Immigration Court*
J.F.K. Federal Building, Government Center, Room 320
15 New Sudbury Street
Boston, Massachusetts 02203

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

*Article 1, Section 9, clause 2.* The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it.

Only when the country is in danger from rebellion or invasion can Congress stop the courts from issuing papers called "writs of habeas corpus." A writ of habeas corpus forces a jailer or other person to bring a prisoner into court so that the prisoner can have a judge decide if he or she is being held lawfully.



# The system invites corruption
## Judge approves fraud in Court



**FALSE IMPRISONMENT**

TO WHAT EXTENT
DOES THE END
JUSTIFY THE MEANS?

The State Court judge, approves fraud upon the trial court, with fatally defective indictments (violating:TITLE 28 USCS §1738). also violated M.G.L.CHAP.212 §26 SEAL OF AUTHENTICATION MANDATORY,OTHERWISE IT IS NULL AND VOID!!

STATE OFFICIALS GAVE FALSE INFORMATION TO I.$^{N}$.S.,WHO ACCEPTED [THAT] FRAUDULENT MISINFORMATION ON A CASE WHERE THE COURT WAS WITHOUT JURISDICTION OF PETITIONER NOR THE SUBJECT-MATTER.

**Depriving persons of
Equal rights under the law**





# Commonwealth of Massachusetts

SUFFOLK, SS.

SUPREME JUDICIAL COURT
SINGLE JUSTICE SESSION
HABEAS CORPUS ACTION
NO._____

CARLYLE PHILLIP,

      PETITIONER,

VS.

COMMR.MASS.DEPT.OF CORR.,

SUPT. NCCI @ GARDNER,MA.,

      RESPONDENT.

## Petition
### *by a* PRISONER *for*

## Habeas Corpus

JULY 22. 2004
THURSDAY

# Petition for Writ of Habeas Corpus
## by State Prisoner

**FALSE IMPRISONMENT**

CHAPTER 248
HABEAS CORPUS AND PERSONAL LIBERTY
HABEAS CORPUS

JURISDICTION

## CONSTITUTION OF THE UNITED STATES

Sec. 9, Cl. 2. Habeas corpus.    Art I, § 9, cl 2

The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it.

CONSTITUTION OF MASSACHUSETTS, Part The First, Chapter 6

Article 7.    CONSTITUTION

### for the Commonwealth of Massachusetts

# Art. VII.    Habeas corpus

Pt. 2, C. 6
Art. 5

ART. VII.  The privilege and benefit of the writ of habeas corpus shall be enjoyed in this commonwealth in the most free, easy, cheap, expeditious and ample manner; and shall not be suspended by the legislature, except upon the most urgent and pressing occasions, and for a limited time not exceeding twelve months.

JURISDICTION (Continued)

MASS.CONST. Part The Second,C.6,Art.7

# Art. VII.    Habeas corpus

ART. VII.  The privilege and benefit of the writ of habeas corpus, shall be enjoyed in this commonwealth in the most free, easy, cheap, expeditious and ample manner; and shall not be suspended by the legislature, except upon the most urgent and pressing occasions, and for a limited time not exceeding twelve months.

## 248:1.  Writ of Habeas Corpus.

Section 1.  Whoever is imprisoned or restrained of his liberty may, as of right and of course, prosecute a writ of habeas corpus, according to this chapter, to obtain release from such imprisonment or restraint, if it proves to be unlawful, unless—

First, He has been committed for treason or felony, or on suspicion thereof, or as accessory before the fact to a felony, and the cause has been plainly expressed in the warrant of commitment.

Second, He has been convicted or is in execution upon legal process, civil or criminal.

Third, He has been committed on mesne process in a civil action in which he was liable to arrest and imprisonment, unless excessive and unreasonable bail was required.

## 248:2.  By Whom Issued.

" Section 2.  The writ may be issued, irrespective of the county in which the person is imprisoned or restrained, by the supreme judicial or the..."

But it should be understood that "habeas corpus" is a generic term that includes many species of that writ.  The term encompasses the *writ of habeas corpus ad subjiciendum,* which inquires into the cause of the restraint of the prisoner, the *writ of habeas corpus ad prosequendum,* which provides for the production of the accused into Court for trial of a case, and also the *writ of habeas corpus ad testificandum* which involves the attendance of a prisoner to be examined as a witness in a suit or proceeding, civil or criminal, pending before the Court if the Court determines that the examination of the witness is necessary for the attainment of justice.

2.

# The Commonwealth of Massachusetts



JURISDICTION (Continued)

CONSTITUTION OF MASS.
OATHS, SUBSCRIPTIONS, ETC.

Pt. 2, C. 6
Art. 7
page 321

## Art. VII.    Habeas corpus

ART. VII.   The privilege and benefit of the writ of habeas corpus shall be enjoyed in this commonwealth in the most free, easy, cheap, [*] expeditious and ample manner; and shall not be suspended by the legislature, except upon the most urgent and pressing occasions, and for a limited time not exceeding twelve months.

[*]

## Art. XI.    Remedy by recourse to the laws; obtaining of right and justice freely, completely and promptly

ART. XI.   Every subject of the commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which he may receive in his person, property, or character. He ought to obtain right and justice freely, and without being obliged to purchase it; completely, and without any denial; promptly, and without delay; conformably to the laws.

ALSO PURSUANT TO:

U.S.CONSTITUTION, ARTICLE 6, Clauses 2 & 3 (FED.SUPREMACY CLAUSES;

[*] MASS.GENERAL LAW, CHAPTER 248 §§1-thru-23. INCLUSIVE.
RULE 81(1)(1) MRCIV.P. (HABEAS CORPUS PROCEEDING ARE
                          EXEMPTED FROM RULES OF CIVIL
                          PROCEDURES).

_____

(*)A PRISONER SUFFERING FALSE IMPRISONMENT IN STATE PRISON, IS NOT OBLIGATED TO BE SUBJECTED TO ANY LAWS OR RULES WHICH EITHER OBSTRUCTS OR ALTER/DELAYS THE ADJUDICATION.

3.



**FALSE IMPRISONMENT**

# X.   GENERAL PROVISIONS

### Civil Procedure Rule 81.   Applicability of Rules

**(a) Applicability in General.**

**(1) Courts Other Than District Court.**   These rules apply to all civil proceedings in courts whose proceedings they govern except <u>Habeas Corpus</u> (*)

[NOTICE]   1.   proceedings pertaining to the writ of habeas corpus;

2.   proceedings pertaining to naturalization;

3.   proceedings pertaining to the disciplining of an attorney;

4.   proceedings pertaining to juvenile delinquency;

5.   proceedings pertaining to contested elections;

6.   proceedings pertaining to dissolution of corporations and distribution of their assets;

7.   proceedings pertaining to summary process, small claims, and supplementary process;

8.   proceedings pertaining to the adjudication, commitment and release of sexually dangerous persons;

9.   proceedings for divorce or for the annulment or affirmation of marriage;  and

10.   proceedings to foreclose any mortgage on real estate brought in compliance with the "Soldiers' and Sailors' Civil Relief Act" of 1940, as amended.[1]

---

(*) Emphasis Added

Habeas Corpus

Legal Standard and

Time Limits of Habeas Corpus

Prompt resolution of writ of habeas corpus is of substantial importance and, therefore, respondent is required to respond promptly.

OFFICIAL OPINIONS

FROM THE

Supreme Judicial Court

of Massachusetts

**JUDICIAL PROCEDURE**

**State custody; remedies in**

**courts**

STINSON *v.* MEEGAN.

[318 Mass.] 459

Middlesex.   May 8, 1945.— June 29, 1915.

a writ of habeas corpus, which, when issued, can be made returnable only to the Supreme Judicial Court or a justice thereof, before which court or justice the alleged prisoner must be produced at the time of the return and the hearing must be had.   G. L. (Ter. Ed.) c. 248, §§ 2, 4, 10, 11, 12, 15.   See now also G. L. (Ter. Ed.) c. 213, § 1A, as inserted by St. 1939, c. 257, § 1, and amended.

MASSACHUSETTS CORRECTIONAL
INSTITUTION, CEDAR JUNCTION

