```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

CARLYLE PHILLIP,                  )
                                  )
           Petitioner             )
                                  )
      v.                          )   Civil Action No.
                                  )   04cv11896-MLW
THOMAS M. HODGSON, SHERIFF,       )
                                  )
                                  )
           Respondent¹            )
```

RESPONDENT'S RETURN AND MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS

**SUMMARY STATEMENT OF CASE**

Respondent moves to dismiss this action pursuant to Fed. R. Civ. P. rules 12(b)(1) for lack of subject matter jurisdiction as to review of petitioner's removal order, and 12(b)(6) for failure to state a claim upon which relief may be granted. Petitioner is now lawfully detained by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") awaiting completion of arrangements for his removal to Trinidad and Tobago.

To the extent that the Petition may be read as seeking to challenge the validity of his State court convictions for Indecent Assault and Battery on a Child Under 14, the instant

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

1

ICE respondent is not the proper party to answer that challenge. See generally 28 U. S. C. § 2254.

To the extent that petitioner seeks to challenge his removal order vicariously through a challenge to the validity of his State court convictions,[2] habeas corpus review is barred as a result of petitioner's failure to avail himself of the statutorily prescribed judicial review at the First Circuit Court of Appeals. 8 U.S.C. §§ 1252(b)(1), and (2) (petition for review must be filed at the court of appeals where administrative proceedings were completed "not later than 30 days after the date of the final order of removal.").

Even if habeas review of the removal order were available, it is well-settled that a conviction is final for purposes of immigration law if direct appellate review of the conviction has either been waived or exhausted. See e.g. White v. INS, 17 F.3d 475, 479 (1st Cir. 1994).

Accordingly, insofar as the petition may be read to challenge the order of removal, the prescribed judicial review at the circuit court has been abandoned by petitioner and the Court lacks subject matter jurisdiction in habeas proceedings. In any case, the petition fails to state any colorable claim cognizable in habeas corpus proceedings and for that reason also

---

[2] Petitioner appears to raise technical objections to the paperwork surrounding his State court convictions, and declares that because of alleged defects in the papers his convictions are "null and void", Petition at p. 6, and that "hence, deport proceedings are defunct." Id. at p. 11.

2

the Court lacks subject matter jurisdiction as to review of the removal order.

## CASE FACTS AND BACKGROUND

Petitioner is a native and citizen of Trinidad and Tobago who entered the United States unlawfully at an unknown time and place. Petitioner is not an alien lawfully admitted for permanent residence. On May 9, 2002, petitioner was convicted in Hampden Superior Court at Springfield, Massachusetts, for the offense of Indecent Assault and Battery on a Child Under 14, in violation of Massachusetts General Laws Chapter 265, Section 13B.[3] See Attachment A, Record of Conviction. On October 29, 2003, the Bureau of Immigration and Customs Enforcement ("ICE") issued a Notice of Intent to Issue a Final Administrative Removal Order[4] against petitioner, charging him with deportability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien

---

[3] On this date and in the same court petitioner was convicted of ten counts of Indecent Assault and Battery on a Child Under 14, three counts of Open and Gross Lewdness & Lascivious Behavior, one count of Assault and Battery, and two counts of Threat to Commit a Crime: Bodily Injury. Petitioner was sentenced to 2 to 3 years at MCI Cedar Junction, and 10 years probation, for the Indecent Assault and Battery on a Child Under 14 convictions (concurrently). He was also sentenced to 2 years in the Hampden County House of Correction (concurrently with the sentences for the ten counts of Indecent Assault and Battery on a Child Under 14) for the three counts of Open and Gross Lewdness & Lascivious Behavior, and petitioner was also sentenced to two 6-month terms of confinement in the Hampden County House of Correction on each of the two counts of Threat to Commit a Crime: Bodily Injury convictions, concurrent with the 2-3 years sentences for the Indecent Assault and Battery on a Child Under 14 convictions.

[4] See generally 8 U.S.C. § 1228(b)(providing for alternative procedures for determining the deportability of an alien charged

3

convicted of an "aggravated felony" as defined at 8 U.S.C. § 1101(a)(43)(A), viz., murder, rape or *sexual abuse of a minor*. This Notice of Intent was served upon petitioner on November 25, 2003, and provided for petitioner's written response to the charge of deportability. See Attachment B. Petitioner responded by written rebuttal dated December 3, 2003, on that same form claiming to be a lawful permanent resident, asserting that he was "never convicted by a court of 'competent jurisdiction', asserting a general citation to Frazier v. Garrison I.S.D., 980 F.2d 1514 (5th Cir. 1993) regarding Fourteenth Amendment due process concerns, and indicating he would submit additional papers within 20 days. See id.

   The Bureau of Immigration and Customs Enforcement received no further papers from petitioner, and upon determination that 1) petitioner was indeed convicted as charged, that 2) petitioner's claim to have been admitted as a lawful permanent resident was contradicted by ICE records checks, and that 3) the Social Security number provided by petitioner in fact belongs to his twin brother Carlton Phillip, who *is* a lawful permanent resident, ICE issued a Final Administrative Removal Order Under Section 238(b) [8 U.S.C. § 1228(b)] of the Immigration and Nationality Act dated February 4, 2004. See Attachment C, Final Administrative Removal Order Under Section 238(b), and

---

upon an aggravated felony conviction who is not a lawful permanent resident).

Memorandum of Investigation.  That Final Administrative Order was personally served upon petitioner on March 5, 2004. Id.

Petitioner had the right to petition for judicial review of his final order of removal to the First Circuit Court of Appeals within 30 days of the March 5, 2004, removal under. See 8 U.S.C. § 1228(b)(3)(government may not execute administrative removal order sooner than 14 days after date of order "in order that the alien has an opportunity to apply for judicial review under section 242 [of the Immigration and Nationality Act. 8 U.S.C. § 1252]); 8 U.S.C. §§ 1252(b)(1), and (2) (petition for review must be filed at the court of appeals where administrative proceedings were completed "not later than 30 days after the date of the final order of removal.").  However, petitioner failed to avail himself of the statutorily prescribed avenue for judicial review of his removal order.

Petitioner remains in custody pending completion of arrangements for execution of his removal order, upon due notice to be provided the Court as directed in its Order dated September 1, 2004.

**ARGUMENT**

I.  HABEAS CORPUS REVIEW OF PETITIONER'S REMOVAL ORDER IS BARRED FOR FAILURE TO EXHAUST STATUTORILY PRESCRIBED JUDICIAL  REVIEW.

Judicial review of removal orders entered under 8 U.S.C. § 1228(b) is directed by statute to be conducted "under section 242 [of the Immigration and Nationality Act, 8 U.S.C. § 1252].

5

It is provided by 8 U.S.C. § 1252 that any such petition for review must be filed within 30 days of the date of the final order of removal at the circuit court of appeals. 8 U.S.C. §§ 1252(b)(1), (2).

Although there is a general statutory restriction on circuit court judicial review of removal orders that are based upon certain criminal or security grounds, see 8 U.S.C. § 1252(a)(2)(C), the First Circuit Court of Appeals has held that it continues to have jurisdiction to review even criminally based deportation or removal orders where the person ordered removed disputes that he is removable upon the basis of the conviction. See Sousa v. INA, 226 F.3d 28, 31 (1st Cir. 2000) ("INA section 242(a)(2)(C) is not a bar to our considering Sousa's claim that he is not removable as an aggravated felon."); Maghsoudi v. INS, 181 F.3d 8, 13 (1st Cir. 1999) (First Circuit recognizing its jurisdiction to determine whether alien's criminal convictions precluded review of his immigration proceedings).

Because petitioner has failed to pursue the statutorily prescribed avenue for judicial review of his removal order at the First Circuit Court of Appeals, habeas review of that order is now barred. Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation . . . . under these circumstances, it is hard to view the habeas

petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)"). Cf. Seale v. INS, 323 F.3d 150, 154 (1st Cir. 2003) ("[g]iven the strong arguments on both sides, it is by no means a clear call whether the district court possesses jurisdiction here.").[5]

Moreover, it has been held that failure to pursue and exhaust available review operates as a waiver of habeas review. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762

---

[5] In Seale, supra, the First Circuit had observed that "[n]either the Supreme Court nor this court has had occasion to decide whether the district court has habeas jurisdiction over a removal order where an alien's objection to the order would also have been susceptible to adjudication in the courts of appeals in a statutory direct review proceeding". Seale, 323 F.3d at 153. A case that appears to directly present the question reserved in Seale, supra, is now pending decision at the First Circuit Court of Appeals: Rivera-Martinez v. Ashcroft, No. 03-2032 (1st Cir. filed July 24, 2003). That case was argued before

(1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). Cf. Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004)(Ninth Circuit requiring "'as a prudential matter, that habeas petitioners exhaust available judicial ... remedies before seeking relief under § 2241.'"(citing Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)).

By failing to pursue the statutorily prescribed and available judicial review mechanism provided by Congress for review of removal orders, petitioner is now disentitled from habeas corpus review of his February 3, 2004, removal order. Accordingly, the case should be dismissed for lack of subject matter jurisdiction.

II. EVEN IF HABEAS CORPUS REVIEW WERE AVAILABLE THE PETITIONER FAILS TO STATE ANY COGNIZABLE CLAIM OF ERROR.

This Court lacks subject matter jurisdiction because petitioner has failed to pursue the statutorily prescribed judicial review for his removal order. However, even if habeas review were not so barred, habeas corpus review of removal orders, where it exists, exists only for pure issues of law. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional

---

the First Circuit on June 10, 2004, and a decision is expected soon.

8

rights have been violated."); Diosa-Ortiz v. Ashcroft, --- F.Supp.2d --- (D. Mass. 2004) (2004 WL 1636932, *7)(appeal filed Aug. 26, 2004, No. 04-2141 (1st Cir.)(habeas petitioner's challenge to administrative fact-finding as clearly erroneous rejected by district court as "vastly different from what the habeas statute plainly provides: review for statutory or constitutional errors", citing Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001)); Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003) (Court holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry", that "the Court does not possess habeas jurisdiction in th[e] case.").

Petitioner, however challenges *no* aspect of the entry of his removal order, but only the underlying legality of his May 9, 2002, Massachusetts conviction for Indecent Assault and Battery on a Child Under 14.  Whatever collateral legal processes may or may not remain available to entertain petitioner's ambitious challenge to his State court conviction, see e.g. 28 U.S.C. § 2254,  the conviction remains a valid basis for petitioner's removal order until or unless it is vacated. White v. INS, 17 F.3d 475, 479 (1st Cir. 1994); Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991); Agero v. McElroy, 901 F.Supp. 146, (S.D.N.Y. 1995).

A conviction is also final even though "subject to collateral attack",  Morales-Alvarado v. INS, 655 F.2d 172, 175

(9th Cir. 1981) (cited in White v. INS, supra, 17 F.3d at 479. Cf. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004) ("Habeas petitioner cannot collaterally attack an expired state court conviction under § 2241, even if conviction serves as predicate for Immigration and Naturalization Service (INS) detention. 28 U.S.C.A. § 2241."); Drakes v. INS, 330 F.3d 600 (3rd Cir. 2003) (recognizing a "bar in a section 2241 habeas proceeding [to] a collateral attack on a prior state conviction where the conviction serves as a predicate for an order of removal."); Contreras v. Schiltgen, 122 F.3d 30, 31-32 (9th Cir. 1997), rehearing granted, 151 F.3d 906 (9th Cir.1998) (affirming dismissal of an alien's 28 U.S.C. § 2241 petition and holding that he "may not collaterally attack his state court conviction in a habeas proceeding against the INS"); Neyor v. INS, 155 F.Supp.2d 127, 137 (D. N.J. 2001) ("[prior cases] suggest that this Court should not review the validity of an expired conviction under § 2241 where that conviction serves as a predicate for INS detention").

 Accordingly, the petition should be dismissed for failure to state any "colorable claims of legal error" within the scope of habeas corpus review, Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002), and for lack of subject matter jurisdiction as to review of his removal order.

**CONCLUSION**

For all the reasons set out above, the Court should dismiss the action, and deny all other relief sought.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney

By:  s/Frank Crowley
>FRANK CROWLEY
>Special Assistant U.S. Attorney
>United States Immigration &
>Naturalization Service
>P.O. Box 8728
>J.F.K. Station
>Boston, MA 02114
>(617) 565-2415

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on September 10, 2004.

>s/Frank Crowley
>FRANK CROWLEY
>Special Assistant U.S. Attorney
>Department of Homeland Security
>P.O. Box 8728
>J.F.K. Station
>Boston, MA 02114