- 1 -

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS.

Philip, Carlyle
A39-673-689
Petitioner.

v.

CIVIL ACTION NUMBER:
04-11896-MLW

Alberto Gonzales,
United States Attorney General
Bruce E. Chadbourne,
DHS/ICE, Boston District, Field office Director,
Thomas Hodgson,
Sheriff of Bristol County House of Correction.
Respondents.

~~MOTION FOR APPOINTMENT OF COUNSEL XXX FOR XXX APPOINTMENT XXX OF~~

### MOTION FOR APPOINTMENT OF COUNSEL.

Petitioner, Carlyle Philip, A39-673-689, is a native and citizen of Trinidad & Tombago. He's in custody of Department of Homeland Security, ("DHS/ICE" hereinafter) in the United States, but has been ordered removed to his country of origin by an immigration judge. Petitioner's removal order is final.

On August 26th, 2004, Petitioner filed Petition for writ of habeas corpus ad subjiciendum against false imprisonment under illegal federal processes. Petitioner avers that he does not understand, fully, the legal mambo-jambo and would like this court to appoint an experienced attorney to represent him in his habeas corpus proceedings. Petitioner vows that he is an indigent person and cannot financially afford to retain counsel to represent him. Moreover, Petitioner states that counsel is needed inorder to assist him adequately in presenting his claim.

### COURT SHOULD EXERCISE IT'S DISCRETION TO APPOINT COUNSEL.

Assuming, arguendo, that a Petitioner has shown financial need, a District Court may appoint counsel in a habeas corpus proceeding under 18 U.S.C § 2241 when the "interest of justice so requires." 18 U.S.C § 3006A(a)(2)(B). Courts have often examined three major

elements when determining whether the appointment of counsel is necessary: (i) The likelihood of success on the merits, (ii) The complexity of the legal issues involved in the case, (iii) the ability of the Petitioner to present the case in light of it's complexity. See, e.g, Weygandt v. Look, 718 F.2d 952, 954 (9th Circuit 1983); Saldina v. Thornburgh, 775 F.Supp. 507, 511 (D.Conn. 1991).

In the instance case, Petitioner was, on Sept. 4th, 2001, falsely accused, charged and imprisoned of acts in violation of Massachusetts general law, CHAP.265, § 13B.1.

The prosecutors, clerks and the court judges intentionally delayed Petitioner's trial until the passing of eight (8) months in violation of Petitioner's federal constitutional rights to a prompt speedy trial guaranteed by the sixth amendment of the United States Constitution. Petitioner has recently discovered that the trial court, really, never acquired "competent jurisdiction" under MGL, CHAP.262, § 9, when the judge failed to examine the records.

Petitioner avers that the sequences of judicial malfesance, constituted the acts of the officers of the court fraudulently concealing (MGL, CHAP.260, § 12), all who were aware of salient facts. Petitioner claims that lack of authentication with proper signatures of judges and the wafer seals of the court affixed upon each process, rendered his conviction null and void and without legal force or legal effect.

Additionally, Petitioner claims that each judicial process executed against his liberty, were and/or are process' wrongfully executed. Indeed, clerk is the jurat on indictments on warrant of commitment. MGL, CHAP.212, §26.

Moreover, Petitioner will precariously encounter a great difficulty in presenting his previously filed habeas corpus petition without the help of the counsel. The House Report on the predecessor to § 3006A(a)(2)(B) recognized that hebeas corpus proceedings often present "serious and complex issues of law and fact" that would necessitate the assistance of counsel. H.R.Rep. No. 1546, 91st Cong. 2d Sess. (1970).

In addition, the congressional report on § 3006(a)(2)(B) stated that a court <u>should</u> appoint counsel when "necessary to insure a fair hearing." Id. The complexity of Petitioner's habeas corpus proceedings will pose a great obstacle if Petitioner proceeds pro se.

In light of the complicated issues involved in habeas cases and Petitioner's inability to adequately present the case at bar, as well as Petitioner's likelihood of success on the merits, these court should exercise it's discretion to appoint counsel under 18 U.S.C § 3006A(a)(2)(B).

### APPOINTMENT OF COUNSEL IS NECESSARY B'COZ DISCOVERY IS IMPERATIVE

The rules governing habeas proceedings require the appointment of counsel in certain circumstances. The rules cited in Section II and III typically govern those habeas corpus cases brought under § 2254. However, these similar rules may be applied to habeas cases that do not fall under § 2254 -- such as those arising under § 2241 -- at the discretion of the court. Rule 1(b), 28 U.S.C foll. 2254. Under Rule 6(a), 28 U.S.C foll. 2254, a judge must appoint counsel for a Petitioner if it's "necessary for effective utilization of discovery procedures." The government has information relevant to Petitioner's habeas petition and without the assistance of counsel, Petitioner will not be able to effectively pursue the discovery and, as a result, will not be able to adequately present his claim. The aid of an experienced attorney is especially important given the Petitioner's lack of familiarity with legal procedures involved in requesting, obtaining and executing the discovery.

### AN EVIDENTIARY OR MOTIONS HEARING MAY BE NECESSARY.

Under Rule 8(c), 28 U.S.C foll. 2254, the court is required to appoint counsel in a habeas proceeding if an evidentiary hearing is needed. An evidentiary hearing will likely be necessary in this case. Regardless of any other issues, if an evidentiary hearing is scheduled, the court must appoint counsel for the Petitioner. And for the aforementioned reasons, this court should appoint counsel to assist Petitioner in the instant habeas proceedings challenging Petitioner's unlawful detention by DHS/ICE.

- 4 -

**Respectfully Submitted,**

_____
Carlyle Philip

A39-673-689
Date: November 15th, 2004.

Date : 11/16/2004
Time : 11:48

## Account Activity Ledger

From : 08/27/2004   To : 11/16/2004

| Comment | Trx Date | Time | Batch /Inv # | Trx Type | Invoice | Deposit | Withdrawal | Balance Forward |
|---|---|---|---|---|---|---|---|---|
| **ID** 132185 | **Name** PHILLIP, CARLYLE | | | **Block** GB | | **Previous Balance** | | 0.00 |
| KELVIN | 11/09/2004 | 09:13 | B#44618 | D | | 60.00 | | 60.00 |
| mail/postage charges | 11/09/2004 | 09:13 | B#44618 | W | | | -1.52 | 58.48 |

| | | | |
|---|---|---|---|
| **Deposits** | 1 | For $ | 60.00 |
| **Withdraws** | 1 | For $ | -1.52 |
| **Invoices** | 0 | For $ | 0.00 |

Page :   1