```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CARLYLE PHILLIP,              )
     Petitioner,              )
                              )     C.A. No. 04-11896-MLW
          v.                  )
                              )
IMMIGRATION AND               )
NATURALIZATION SERVICE,       )
     Respondent.              )
```

## MEMORANDUM AND ORDER

WOLF, D.J.                                          December 27, 2005

The court has considered the Response of Bureau of Immigration and Customs Enforcement to the Court's Order dated September 16, 2005 (Docket No. 21). As the government recognizes, the April, 2005 deportation of petitioner Carlyle Phillip without the prior notice to the court of at least 48 hours required by the September 1, 2004 Order is a serious matter. The error in this case is particularly disturbing because a similar mistake was made in April, 2003 in Gordon v. Ashcroft, C.A. No. 02-31099-MAP. In Gordon, the error was found to be "entirely accidental." See Gordon v. Ashcroft, C.A. No. 02-31099-MAP, Sept. 26, 2003 Memorandum and Order at 2. In deciding to impose no sanction for the violation of his Order, District Judge Michael Ponsor wrote:

> It is crucial that the respondent not repeat the grave error that was made in this case. Based on the respondent's submission, any such repetition appears highly unlikely.

Id.

Regrettably, Judge Ponsor's prediction was not prophetic. In April, 2005, Phillip was deported in violation of the order

requiring prior notice to Phillip and the court so the propriety of the deportation could be decided by the court.

However, the court is satisfied by the government's submission that the violation of the September 1, 2004 Order was not wilful. Therefore, a finding of criminal contempt is not appropriate. See United States v. Mourad, 289 F.3d 174, 180 (1st Cir. 2002).

A finding of civil contempt is also not appropriate because it is not now possible to coerce compliance with the prior notice requirement of the September 1, 2004 Order, particularly because Phillip evidently - and understandably - does not wish to return to the United States and again be detained pending possible deportation. See United States v. Marquardo, 149 F.3d 36, 39 (1st Cir. 1998).

The government is correct that the court may not impose a monetary sanction payable by the United States, which has sovereign immunity. See United States v. Horn, 29 F.3d 754 (1st Cir. 1994). The court does, however, have authority to impose monetary and other sanctions against the government attorney or other government employees individually in order "to catch the Justice Department's attention, punish the culprit, and deter future [government] excesses." Id. at 766-67. However, in view of the accidental nature of the violation and, particularly, the measures already undertaken to minimize the risk of repetition, the court is not imposing a sanction on the responsible Assistant United States Attorney or any other government employee.

The court does, however, agree with Judge Ponsor that it is crucial that the grave errors made in deporting petitioners without the court ordered prior notice not recur. Government attorneys and other responsible officials should now understand that they may violate such orders only at their personal peril.

This case is moot. It is, therefore, hereby DISMISSED.


                                          /s/ MARK L. WOLF
                                        UNITED STATES DISTRICT COURT